# Dean *v.* Campbell.

## *Action on Promissory Note.*

*Question as to consideration of note; what not error.*—Defendant having been sued on a promissory note, executed by him and payable during the war, for a specified number of "dollars," filed a plea setting forth what the chattels and services were that constituted the consideration of the note, and alleged that the contract for them was made in reference to their value in Confederate currency, and upon the agreement that it was to be paid with that currency; and being examined as a witness, he testified that "there was

[Dean v. Campbell.]

no agreement or understanding that the note could or should be paid in Confederate currency"—*held*, that the court did not err in allowing him to be further asked by his counsel for what things the note was given, and what was their value.

APPEAL from the Circuit Court of Dallas.

Tried before the Hon. LUTHER R. SMITH.

This was an action brought by A. Dean, appellant, against Howard B. Campbell, appellee, on a promissory note made by appellee on the 13th day of November, A. D. 1862, payable on or before the first day of January, 1863. The defendant pleaded, among other things, " that the contract upon which said promissory note was given was made between the first day of September, 1861, and the first day of May, 1865; that the parties thereto understood that the same should be discharged by a payment in Confederate currency or treasury notes. And the said defendant avers that the subject-matter of said contract, and that said promissory note was given for certain articles of personal property on the 13th day of November, 1862, bought by defendant from the plaintiff, and for work and labor done by the plaintiff for the defendant, the same now herein set forth as follows:" (here setting out the articles of personal property). The note was introduced as evidence, and proved by the plaintiff.

The defendant, as a witness, was asked by defendant's counsel for what said note was given, to which the plaintiff objected; also as to any evidence to show for what said note was given, on the ground that said question was irrelevant and illegal. The court overruled the objection, and the plaintiff excepted. The witness then stated that the note was given for a lot of articles—enumerating them. The witness was then asked the value of the goods, to which question the plaintiff objected, and was overruled. The plaintiff (appellant) now assigns as error :

1. The overruling his objection to the question, "what said note was given for;" and permitting the witness, Campbell, to testify as to the consideration of the note sued on.

2. The overruling appellant's objection to the question as to the value of the goods and chattels for which said note was given.

JOHNSTON & NELSON, for appellants.

J. C. REID and W. L. BRAGG, *contra*.

No briefs came to Reporter.

MANNING, J.—One of the pleas filed by appellee, Campbell, to the complaint of Dean in the Circuit Court, in effect,

[Hays v. Anderson et al.]

set forth what the chattels and services were that constituted the consideration, for which the promissory note sued on was given, and alleged that the contract for them was made in reference to their value in Confederate treasury notes, the currency then in use as money, and upon the agreement or understanding that the note was to be paid with that currency. When, therefore, upon issue joined upon this plea, Campbell testified that at the time he executed and gave the note, there was no agreement or understanding that he should or might so pay it, the court did not err in allowing him to be further asked by his own counsel, for what things the note was given, and what was their value. The defendant may have meant by what he had said that there was no express agreement or understanding; and his answers to the questions objected to would, doubtless, disclose whether that was his meaning or not. The note was dated December 13, 1862, and was to be paid on or before the first day of the next month, in the midst of the war, when (as we know) there was nothing else in circulation as money, except Confederate treasury notes. And if, in addition to that, it should appear as it did, that the things for which the note was given were of much less value in good money, than the price defendant promised by the note to pay for them, no doubt would remain that the implied agreement and understanding of the parties were, that the note should be paid in Confederate currency. There was no error in permitting the questions objected to, to be asked or in the charge given by the court to the jury.—See *Riddle v. Hill's Administrator*, 51 Ala. 224; *Whitfield v. Riddle's Administrator*, 52 Ala. 467.

Let the judgment be affirmed.